# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) NO. 15 B 20765 |
| BRUNO RANIERI | ) |
| | ) |
| | ) Chapter 13 |
| Debtor | ) |
| | ) |
| | ) |
| | ) Honorable Judge A. Benjamin Goldgar |
| | ) |

## NOTICE OF MOTION

TO:   Glenn Stearns, Chapter 13 Trustee (via ECF)
      Quintarios, Prieto, Wood & Boyer, P.A. attorneys for 21st Mortgage Corporation (via ECF)
      21st Mortgage Corporation, Attn: Timothy Williams, President, 620 Market Street #00, Knoxville, TN 37902 (via U.S. Certified Mail)

PLEASE TAKE NOTICE that on October 23, 2015 at 9:30 a.m., the undersigned will appear before the Honorable A. Benjamin Goldgar at the North Branch Court located at 1792 Nicole Lane, Round Lake Beach, Illinois and will then and there present the attached **DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 506(a) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF 1151 FRANKLIN STREET, MUNDELEIN, ILLINOIS 60060 AND AVOID THE LIEN OF 21ST MORTGAGE CORPORATION** at which time you may appear if you so choose.

### Certificate of Service

I, Charles Magerski, hereby certify that I caused to be served, electronically via ECF to the Chapter 13 Trustee nd Quintarios, Prieto, Wood & Boyer, PA, and via Certified U.S. Mail to 21st Mortgage Corporation ATTN: Timothy Williams and attached a copy of the forgoing Notice and Motion upon the parties named above on October 8, 2015, from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

> **BY:  /S/ CHARLES L. MAGERSKI**
> **SULAIMAN LAW GROUP, LTD**
> COUNSEL FOR DEBTOR(S)
> 900 JORIE BOULEVARD, SUITE 150
> OAK BROOK, IL 60523
> PHONE:  (630) 575-8181
> FAX:    (630) 575-8188
> ATTORNEY NO: 6297092

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | NO. 15 B 20765 |
| BRUNO RANIERI, ) | |
| ) | Chapter 13 |
| Debtor ) | |
| ) | |
| ) | |
| ) | Honorable Judge A. Benjamin Goldgar |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 506(a) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF 1151 FRANKLIN STREET, MUNDELEIN, ILLINOIS 60060 AND AVOID THE LIEN OF 21ST MORTAGE CORPORATION**

**NOW COMES**, BRUNO RANIERI ("Debtor"), by and through his attorneys, Sulaiman Law Group, LTD., and pursuant to 11 U.S.C §506(a) and Federal Bankruptcy Rule 3012, moves this Honorable Court to determine the fair market value of the real estate commonly known as 1151 Franklin Street, Mundelein, Illinois 60060 and avoid the lien of 21st Mortgage Corporation ("21st"), and in support thereof stating the following:

1. This is a motion brought by the Debtor pursuant to 11 U.S.C. § 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the real estate commonly known as 1151 Franklin Street, Mundelein, Illinois 60060 and to avoid the lien of 21st.

2. The Debtor alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

3. The Debtor further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 228 of the United States Code.

4. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on June 15, 2015.

5. The 341 Meeting of Creditors was held and concluded on July 13, 2015.

6. The confirmation date for the underlying Chapter 13 proceeding is currently set for October 9, 2015.

7. Upon information and belief, 21st is an entity engaged in the business of lending in the State of Illinois.

8. The Debtor is the owner of and resides at the real property commonly known as 1151 Franklin Street, Mundelein, Illinois 60060 ("real estate").

9. The Permanent Index Number of the real estate is 10-23-202-054.

10. At the time of the filing of the instant Chapter 13 proceeding, the fair market of the real estate was $305,000.00. *See* attached Exhibit A is a true and accurate copy of the appraisal conducted by a certified residential real estate appraiser.

11. Upon information and belief, Ocwen Loan has an interest in the real estate as a result of a first mortgage recorded in the Lake County Recorder of Deeds Office in the amount of $341,868.00. *See* attached Exhibit B is a true and accurate copy of Schedule D.

12. Upon information and belief, 21st has an interest in the real estate as a result of a second mortgage recorded in the Lake County Recorder of Deeds Office in the amount of $109,055.22. *See* attached Exhibit C is a true and accurate copy of Claim 2-1 filed by the 21st Mortgage Corp.

13. Pursuant to 11 U.S.C. §§ 506(a) & (d), a creditor would only have a secured claim to the extent of the value of the bankruptcy estate's interest in the property securing the claim. As a result, a creditor's lien is void to the extent it is not an allowed secured claim.

14. Moreover, a junior lien holder would only have a secured claim to the extent the fair market value of the secured asset exceeds the amount of the lien held by the primary lien holder.

15. Where the junior mortgage is wholly unsecured, it should not be allowed as a secured claim, and that the mortgage lien may be stripped off. *In re Havel*, 2002 WL 31944059 (Bankr. S.D. Ill. 2002); *In re Mann*, 249 B.R. 831, 840 (1st Cir. BAP 2000); *In Re Pond*, 2001 252 F.3d 122 (2nd Cir. 2001); *In Re MacDonald*, 205 F. 3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Assoc.*, 212 F. 3d 277 (5th Cir. 2000); *In Re Lam*, 211 B.R. 36 (9th Cir. BAP 1357); *In Re Tanner*, 217 F. 3d 1357 (11th Cir. 2000).

16. Given the fact that the balance of Ocwen Loan's first mortgage claim exceeds the value of the real estate, 21st does not have an allowed secured claim pursuant to 11 U.S.C. §506(a) and thus its rights may be modified notwithstanding its recorded lien on the Debtor's primary residence. *See* 11 U.S.C. 1322(b)(2).

17. Consequently, 21st claim should be classified as unsecured claim in the underlying Chapter 13 proceeding and avoided upon entry of discharge.

**WHEREFORE**, the Debtor, Bruno Ranieri, prays this Honorable Court enter an Order as follows:

1. Determining that the Fair Market Value of the Real Estate commonly known as 1151 Franklin Street, Mundelein, Illinois 60060 is $305,000.00;

2. Determining 21st Mortgage Corporation lien in the amount of $109,055.22 is wholly unsecured and shall be avoided upon entry completion of the underlying Chapter 13 proceeding; and

3. For any other and further relief as the Court may seem just and proper.

Dated: October 7, 2015                                Respectfully Submitted,

/s/ Charles L. Magerski
Charles L. Magerski, Esq. #6297092
Counsel for Debtors
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax (630) 575-8188