# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In Re:                                             Case No. 15-20765

**BRUNO RANIERI,**                                 Chapter 13

        **Debtor.**

## OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN

Comes now the secured creditor, 21st Mortgage Corporation ("Creditor"), by and through Counsel, Quintairos, Prieto, Wood & Boyer P.A., and hereby objects to the confirmation of the Amended Chapter 13 Plan proposed by the Debtor, Bruno Ranieri ("Debtor"). In support of its Objection, Creditor states as follows:

1. On February 23, 2007, Debtor executed a Second Note and Mortgage, in favor of Mortgage Electronic Registration System as nominee for Taylor, Bean and Whitaker Mortgage Corp., for his primary residence located at 1151 Franklin Street, Mundelein, Illinois, 60060, ("Real Property") in the amount of $96,000.00.

2. 21st Mortgage Corporation is the holder of the Second Note and Mortgage for the Real Property.

3. The Note and Mortgage were assigned to Creditor pursuant to an Assignment recorded December 18, 2012, with the Lake County Recorder's Office, as Document No. 6935902.

4. On June 15, 2015, Debtor filed a Chapter 13 Plan with this Court. Debtor's Plan provides for "the Value of 21st Mortgage Corporation's secured claim on the Debtor's real

property at 1151 Franklin Street, Mundelein, Illinois is valued at zero. Consequently, 21st Mortgage Corporation's second mortgage lien shall be stripped and avoided from the aforementioned property upon completion of plan payments as provided in the Debtor's Chapter 13 Plan. No payment shall be made to 21st Mortgage Corporation through the Chapter 13 Plan as a direct result of Debtor's Discharge of his personal liability on the underlying note in his Chapter 7 case filed in the Northern District of Illinois as case number 13-48986. 21st Mortgage Corporation shall release its lien on the aforementioned property within 30 days of completion of plan payments as provided in the Debtor's Chapter 13 Plan." (See Docket No. 2 at Page 5).

5. Debtor's Plan intends on stripping Creditor's secured lien by stating that the Real Property has zero value. Further, Debtor's Plan does not provide for any payments to 21st Mortgage Corporation as Debtor was discharged from any personal liability on the underlying note in Debtor's Chapter 7 Bankruptcy.

6. Under the U.S. Bankruptcy Code, broadly summarizing, it is recognized that lien stripping may be allowed on a second mortgage of a primary residence if the balance of the first mortgage exceeds or is equal to the value of the property.

7. In this instance, it has not been shown that the first mortgage exceeds or is equal to the value of the Real Property. Ocwen Loan Servicing, LLC, who holds the superior lien on the Real Property, has not yet filed their Proof of Claim showing the balance of the first Mortgage.

8. Pursuant to the Valuation, attached hereto as Exhibit "A", the value of the Real Property is $380,000.00.

9. Pursuant to the books and records of 21st Mortgage Corporation, the payoff on the second Mortgage is $94,664.24.

10. Debtor has failed to present any information establishing that there is no value in the Real Property.

11. Based upon information and belief, it is Creditor's understanding that the Debtor was discharged from any personal liability as to the Second Note held by 21st Mortgage Corporation; however, the Second Mortgage, held by 21st Mortgage Corporation, is still a valid lien on the Property. Creditor is entitled to exercise its right under State Law as to the Real Property, which includes an *In Rem* Foreclosure action.

12. On October 7, 2015, Debtor filed a Motion to Determine Value of Creditor's Lien, (see Docket No. 21), which is set for hearing on October 23, 2015. Creditor has not yet responded to Debtor's Motion.

Wherefore, 21st Mortgage Corporation respectfully requests confirmation of the Debtor's Plan be denied, and for all other relief which this court deems Creditor is justly and equitably entitled.

Respectfully submitted,

Dated October 9, 2015         /s/JOSEPH KRCMAR
                              Joseph Krcmar, Esq.
                              Quintairos, Prieto, Wood & Boyer, P.A.
                              233 South Wacker Drive
                              70th Floor
                              Chicago, IL 60606
                              jkrcmar@qpwblaw.com
                              *Attorney for Creditor 21st Mortgage Corporation*

## **CERTIFICATE OF SERVICE**

Creditor, 21st Mortgage Corporation, filed an Objection to Amended Plan. A copy of the Objection, with Exhibits, was served upon Debtor's Counsel, the Trustee and the U.S. Trustee by electronic notification and upon the Debtor by U.S. Mail, with proper postage prepaid on October 9, 2015, at the addresses listed below:

Bruno Ranieri
1151 Franklin Street
Mundelein, Illinois 60060
*Debtor*
U.S. Mail


Nathan C, Volheim
Sulaiman Law Group, LTD
900 Jorie Blvd., Suite 150
Oak Brook, Illinois, 60523
*Attorney for Debtor*
ECF Noticfication

Glenn B. Stearns
801 Warrenville Road, Suite 650
Lisle, Illinois, 60532
*Trustee*
ECF Notification


Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St, Room 873
Chicago, IL 60604
*U.S. Trustee*
ECF Notification

                                                /s/ Joseph Krcmar
                                                Joseph Krcmar, Esq.